IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN E. HARGROVE,**

        **Plaintiff,**

v.                                        Civil Action No. 1:08cv132
                                                (Judge Keeley)

**PRIME CARE MEDICAL INC,**
**EASTERN REGIONAL JAIL,**

        **Defendants.**

**OPINION/REPORT AND RECOMMENDATION**

On July 7, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff seeks injunctive relief for proper medical care. In support of his claim, the plaintiff asserts that the defendants have been deliberately indifferent to a multitude of serious medical needs. The plaintiff has been granted permission to proceed as a pauper and his initial partial filing fee was waived on September 8, 2008. Therefore, this case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01 et seq.

**I.  Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. Analysis

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or

---

[1] Id. at 327.

federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982). Here, the plaintiff cannot establish that the named defendants are "persons" for purposes of § 1983. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the plaintiff fails to state a claim under § 1983 against Prime Care Medical and the Eastern Regional Jail and those defendants should be dismissed from this action.

However, because the plaintiff is a *pro se* litigant, his claims must be construed liberally. Throughout the complaint, the plaintiff names numerous medical personnel who attended to his various medical needs. Nonetheless, the plaintiff does not name those persons as defendants, nor clearly identify the specific ways in which each defendants may or may not have been deliberately indifferent to his serious medical needs. Accordingly, the undersigned is of the opinion that the *pro se* plaintiff should be permitted to amend his complaint.

### III. Recommendation

For the reasons set forth in this Opinion, the undersigned recommends the following:

▸ The plaintiff's claims against Prime Care Medical, Inc. and the Eastern Regional Jail be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915.

- The Clerk be directed to send the plaintiff a blank § 1983 Prisoner Civil Rights Complaint Form and the plaintiff be given **ten (10) days** to file an amended complaint. The failure to file an amended complaint within the allotted time would then result in the dismissal of this case in its entirety.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: September 10, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE