## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN E. HARGROVE,

      Plaintiff,

v.                  //        CIVIL ACTION NO. 1:08CV132
                                    (Judge Keeley)

PRIME CARE MEDICAL, INC., and
EASTERN REGIONAL JAIL,

      Defendants.


### ORDER ADOPTING REPORT AND RECOMMENDATION

On July 7, 2008, pro se plaintiff John E. Hargrove ("Hargrove"), filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, seeking injunctive relief for medical care. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.02.

On September 10, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Hargrove's § 1983 claims against Prime Care Medical, Inc. and Eastern Regional Jail be dismissed with prejudice because those defendants are not "persons" who may be sued under § 1983. In liberally construing the pro se Complaint, however, the Magistrate Judge acknowledged that Hargrove mentioned numerous medical personnel who, he alleges, attended to his various medical needs. He did not, however, name them as defendants or allege specific claims against them. Accordingly, Magistrate Judge Kaull

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

recommended that Hargrove be permitted to amend his Complaint, and that the Clerk be directed to send Hargrove a blank § 1983 Prisoner Civil Rights Complaint Form to facilitate this amendment.

The R&R also specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue.[1]  After receiving the R&R, on September 16, 2008, Hargrove filed a motion for an extension of time to file objections, and requested a blank § 1983 Prisoner Civil Rights Complaint Form.   The Court granted that motion and directed Hargrove to file any objections within thirty days of receipt of that Order.   It additionally directed the Clerk of the Court to send Hargrove a blank § 1983 Complaint Form.   On September 22, 2008, the Court received the return receipt showing that service had been accepted, but that receipt failed to indicate on which day service was made. Accordingly, the thirty day period for objections began running on September 22, 2008.

Thirty days have now expired, and no objections to the R&R have been filed.   The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 20), **DISMISSES WITH PREJUDICE** the claims against

---

[1]     The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented.   <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

defendants Prime Care Medical, Inc. and Eastern Regional Jail, and **ORDERS** that Hargrove may amend his § 1983 civil rights Complaint within ten (10) days of the date of this Order.  The Court **DIRECTS** the Clerk of the Court to send Hargrove an additional blank § 1983 Prisoner Civil Rights Complaint form.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to mail a copy to the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested.

Dated: November 5, 2008


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE