IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN E. HARGROVE,**

    **Plaintiff,**

**v.**      //      **CIVIL ACTION NO. 1:08CV132**
                                                  (Judge Keeley)

**JACOB FULLER, NURSE JESSICA,
NURSE ERIN, CHAD, RUDLOFF,
DR. JOE, C/O KING, DR. EDWARDS,
AND DR. JAMES,**

    **Defendants.**

## ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION

This matter is now before the Court for consideration of United States Magistrate Judge John S. Kaull's Report and Recommendation ("R&R") (dkt no. 33), dated February 19, 2009, and the plaintiff's corresponding objections (dkt no. 37). For the reasons stated below, the Court **ADOPTS-IN-PART** the Magistrate Judge's R&R, **DISMISSES WITH PREJUDICE** defendants Chad and Rudloff, and **ORDERS** that the United States Marshal Service serve the Amended Complaint on the remaining defendants.

### I.  PROCEDURAL HISTORY

On July 7, 2008, pro se plaintiff John E. Hargrove ("Hargrove"), filed a complaint pursuant to 42 U.S.C. § 1983, seeking injunctive relief for medical care. Hargrove asserted that he was receiving inadequate care while housed at the Eastern Regional Jail in Martinsburg, West Virginia. The Court referred this matter to Magistrate Judge Kaull for initial screening and a

report and recommendation in accordance with Local Rule of Prisoner Litigation 83.02. Following initial review, on September 10, 2008, Magistrate Judge Kaull issued an R&R recommending that certain claims be dismissed, but that Hargrove be permitted to amend his Complaint. On November 5, 2008, the Court adopted that R&R, and on December 12, 2008, Hargrove filed an Amended Complaint.

On February 19, 2009, following his preliminary review of the Amended Complaint, Magistrate Judge Kaull issued a second R&R, this time recommending that Hargrove's claims against defendants Chad, Rudloff and Correctional Officer ("CO") King be dismissed, but that his Eighth Amendment claims against defendants Jacob Fuller, Nurse Jessica, Nurse Erin, Dr. Joe, Dr. Edwards and Dr. James be permitted to proceed, and that those defendants be served with a copy of the Amended Complaint.

On March 2, 2009, Hargrove objected to the recommendation that CO King be dismissed as a defendant. Hargrove did not object to the dismissal of defendants Chad or Rudloff.

### I.  STANDARD OF REVIEW

During the initial review of a prisoner complaint, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

In reviewing a magistrate judge's R&R concerning a prisoner's complaint, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

## II. DISMISSAL OF CO KING

In his Amended Complaint, Hargrove asserted that CO King denied him access to the law library, harassed him, and was involved in a theft of legal papers and other personal belongings from Hargrove's cell. Hargrove attached exhibits to the Amended Complaint in support of his claims. Specifically, among others, he attached a grievance request that he had filed with Lt. Bittinger on March 23, 2008, as well as a letter he had sent to Lt. Bittinger on March 26, 2008, describing interactions between CO King and himself and alleging that CO King was harassing him.

In the R&R, Magistrate Judge Kaull concluded that neither the allegations in the Complaint nor the attached documents establish that CO King had violated a specific constitutional right, or "that he [Hargrove] was actually harmed by C/O King's actions." R&R p. 12. Magistrate Judge Kaull concluded that Hargrove had failed to state a claim against CO King, and thus recommended that he be dismissed with prejudice from the action.

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

In his objections, Hargrove argues that he was, in fact, harmed by CO King's acts. Specifically, Hargrove contends that CO King participated in a "shake down" of Hargrove's cell, during which CO King removed Hargrove's legal documents, specifically documents that Hargrove contends could have proved that the Government's evidence against him was "clearly tainted." Hargrove asserts that he filed numerous motions in the district court handling his criminal case to obtain replacements for the lost documents, but that the Court did not order the Assistant United States Attorney ("AUSA") to turn over new copies until the day of his trial. This, Hargrove contends, prevented him from proving until after trial that the United States had altered evidence.

Hargrove asserts that, had he had these documents before trial, he would likely have had the charges against him dismissed, and thus would have avoided being sentenced to life in prison, and would not have lost his family and friends. Thus, although not included in the Amended Complaint, Hargrove presents additional facts in his objection which, if established, would indicate that he was indeed harmed by CO King's actions, specifically, that his defense in his criminal trial was hindered by CO King's alleged removal of legal papers from his cell.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts" under the Sixth

Amendment.  Bounds v. Smith, 430 U.S. 817, 821 (1977).  At the time of the alleged violation, Hargrove was incarcerated while representing himself [pro se] in a pending criminal case.  Because a pro se defendant "must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial," McKaskle v. Wiggins, 465 U.S. 168, 174 (1984), preventing Hargrove from accessing his legal documents in order to prepare for trial implicates his Sixth Amendment rights both to access the Court and to represent himself at trial.  Thus, the Court concludes that, through the information provided in his objection to the R&R, Hargrove has stated the factual basis for a constitutional claim upon which relief could be granted.  Accordingly, the Court **SUSTAINS** Hargrove's objection, and **REJECTS** the R&R as to this one issue.

### III. CONCLUSION

Having **SUSTAINED** Hargrove's objection, the Court **ADOPTS-IN-PART** the Report and Recommendation (dkt. no. 33) as to all defendants with the exception of CO King, and **ORDERS** the following:

- Hargrove's claims against defendants Chad and Rudloff are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted;

**HARGROVE V. PRIME CARE, ET AL.** 1:08CV132

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

- Hargrove's claims against CO King may proceed as Hargrove has now clarified the constitutional nature of his claim and the nature his injury with respect to CO King's alleged acts; and

- The Clerk is **DIRECTED** to issue a **20 day summons** for each defendant, and to forward a copy of the summonses and the Amended Complaint to United States Marshal Service. The United States Marshal Service is **DIRECTED** to **serve within 30 days** a copy of the summons and the Amended Complaint on Defendants Jacob Fuller, Nurse Jessica, Nurse Erin, Dr. Joe, Dr. Edwards, Dr. James and CO King.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, return receipt requested, and to transmit a copy of the Order to the United States Marshal Service.

DATED: April 23, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE