IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOHN E. HARGROVE,

    Plaintiff,

v.                                  Civil Action No. 1:08cv132
                                  (Judge Keeley)

JACOB FULLER, NURSE JESSICA,
NURSE ERIN, CHAD, RUDLOFF,
DR. JOE, C/O KING, DR. EDWARDS
AND DR. JAMES,

    Defendants.


**ORDER DENYING MOTION FOR INJUNCTIVE ORDER**

    This case is before the Court on the "Motion for an Injunctive Order" of the pro se plaintiff, John E. Hargrove's ("Hargrove"). In the motion, Hargrove asserts that he is currently incarcerated at the Canaan Penitentiary ("USP-Canaan") in Waymart, Pennsylvania. He further asserts that the Warden of USP-Canaan, Ronnie Holt, is hampering his access to the courts by restricting the number of stamps he may have per week. Thus, Hargrove seeks injunctive relief against Warden Holt and USP-Canaan.

    The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

-1-

   (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

   (2) the likelihood of harm to the defendant if the requested relief is granted,

   (3) the likelihood that the plaintiff will succeed on the merits, and

   (4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

   A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious,

substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted).  However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In this case, Hargrove fails to allege the requisite harm.  In point of fact, he merely asserts that Warden Holt's actions will hamper his ability to communicate with this Court.  Moreover, even assuming that Hargrove could establish harm, and that the likelihood of harm tips in his favor, he cannot show a likelihood that he will succeed on the merits of his motion.  USP-Canaan is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.  Thus, this Court is without authority to issue injunctive relief against the Warden of the facility.  Additionally, Hargrove has not shown that he exhausted his administrative remedies prior to raising this issue in federal court, as required under the Prison Litigation Reform Act.  See 42 U.S.C. § 1997(e).

Accordingly, Hargrove's Motion for an Injunctive Order (dckt. 72) is **DENIED**.

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record, as applicable, and to the pro se plaintiff by certified mail.

DATED: June 30, 2009.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE