IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN E. HARGROVE,**

    **Plaintiff,**

**v.**       //      **CIVIL ACTION NO. 1:08cv132**
                      **(Judge Keeley)**

**JACOB FULLER, NURSE JESSICA,
NURSE ERIN, DR. JOE, C/O KING,
DR. EDWARDS, and DR. JAMES,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION DATED JULY 24, 2009 (dkt. 83), DENYING
AS MOOT REPORT AND RECOMMENDATION DATED SEPTEMBER 1, 2009
(dkt. 92), AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Pending before the Court for consideration is United States Magistrate Judge John S. Kaull's Opinion/Report and Recommendation ("third R&R")(dkt. 83) dated July 24, 2009, to which the pro se plaintiff, John E. Hargrove's ("Hargrove"), filed objections (dkt. 90) on August 27, 2009. For the reasons that follow, the Court **ADOPTS** the third R&R and **DISMISSES** Hargrove's complaint **WITHOUT PREJUDICE**.

Also pending is Magistrate Judge Kaull's Opinion/Report and Recommendation ("fourth R&R")(dkt. 92), dated September 1, 2009, to which Hargrove did not object. For the reasons stated below, the Court **DENIES** the fourth R&R **AS MOOT** .

**HARGROVE V. PRIME CARE MEDICAL, ET AL.** 1:08CV132

**MEMORANDUM OPINION AND ORDER**

**I. PROCEDURAL HISTORY**

Pursuant to 42 U.S.C. § 1983, on July 7, 2008, Hargrove filed a complaint against the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia, a facility of the West Virginia Regional Jail Authority ("WVRJA"), and Prime Care Medical, Inc., a private entity that provides medical care to inmates at the jail. Hargrove's complaint asserted that he had received inadequate care while incarcerated at ERJ. It also asserted that an ERJ correctional officer, C/O King ("King"), had violated his constitutional rights by denying him access to the law library and participating in a "shakedown" of his cell. According to the complaint's allegations, during that shakedown, King allegedly removed some of Hargrove's legal papers and other personal belongings.

In accordance with Local Rule of Prisoner Litigation 83.02 and Local Standing Order No. 3, the Court referred the matter to Magistrate Judge Kaull for initial screening and a report and recommendation ("R&R"). Following an initial review, on September 10, 2008, Magistrate Judge Kaull issued his first R&R, in which he recommended that the claims against Prime Care Medical, Inc., and the ERJ be dismissed, as those defendants were not "persons" subject to liability under § 1983, but that Hargrove be

2

permitted to amend his complaint to name individual defendants. (Dkt. 20)("first R&R"). On November 5, 2008, the Court adopted the first R&R. (Dkt. 25). Hargrove filed an Amended Complaint on December 12, 2008. (Dkt. 27).

Following his preliminary review of the Amended Complaint, Magistrate Judge Kaull issued a second R&R on February 19, 2009 in which he recommended that Hargrove's claims against then-defendants Chad and Rudloff, and present defendant King, be dismissed, and that his Eighth Amendment claims against present defendants Jacob Fuller, Nurse Jessica, Nurse Erin, Dr. Joe, Dr. Edwards and Dr. James be permitted to proceed.[1] (Dkt. 33)("second R&R"). On March 2, 2009, Hargrove objected to the recommendation that King be dismissed as a defendant but did not object to the dismissal of defendants Chad or Rudloff. (Dkt. 37). On April 23, 2009, the Court adopted the second R&R in part and dismissed defendants Chad and Rudloff; however, it allowed Hargrove's claim against King to proceed. (Dkt. 38).

On July 24, 2009, after reviewing the remaining defendants' motions and Hargrove's responses, Magistrate Judge Kaull issued a third R&R in which he recommended that his claims against all remaining defendants be dismissed without prejudice due to

---

[1] Though the defendants' true names appear on their responsive pleadings in this case, the Court refers to them as styled in Hargrove's Amended Complaint.

**HARGROVE V. PRIME CARE MEDICAL, ET AL.** 1:08CV132

**MEMORANDUM OPINION AND ORDER**

Hargrove's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). (Dkt. 83)("third R&R").

On July 27, 2009, defendant Dr. Joe filed a Motion to Dismiss the claims against him. (Dkt. 85). Two days later, Hargrove filed a Motion for Summary Judgment against defendants Dr. Joe and Dr. James. (Dkt. 88). The following day, Hargrove filed a "Document in Support of Plaintiff's Exhaustion of the Alleged Grievance Procedure." (Dkt. 89). On August 27, 2009, Hargrove objected to the magistrate judge's recommendation in the third R&R that the remaining defendants be dismissed based on his failure to exhaust administrative remedies.[2] (Dkt. 90). Additionally, on August, 31, 2009, he filed his response to defendant Dr. Joe's Motion to Dismiss. (Dkt. 91).

On September 1, 2009, Magistrate Judge Kaull issued a fourth R&R, recommending that defendant Dr. Joe's Motion to Dismiss be granted and Hargrove's Motion for Summary Judgment be denied. (Dkt. 92)("fourth R&R"). Hargrove did not file any objections to the fourth R&R.

---

[2] Although it appears from this factual background that more than thirty days passed from when the third R&R was received by Hargrove and when he filed his objections, those objections arguably were timely. Hargrove mailed his objections on August 10, 2009, but they were returned to him as undeliverable. He immediately re-mailed the objections, which were received and filed with the Court, along with documentation of his first unsuccessful attempt, on August 27, 2009.

4

## II. STANDARD OF REVIEW

In considering a magistrate judge's R&R, the Court conducts a <u>de</u> <u>novo</u> review of any portion of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the Court will address only those portions of the R&R to which Hargrove has specifically objected.

## III. ANALYSIS

After considering the arguments of the parties, the Court concludes that Hargrove's suit is subject to dismissal due to his failure to comply with the exhaustion requirements of the PLRA. Therefore, the Court adopts the recommendations of Magistrate Judge Kaull in his third R&R.

### A. Exhaustion Under the PLRA

Under the PLRA, a prisoner who brings an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Proper exhaustion of administrative remedies requires compliance with all deadlines and procedural rules set forth by the

administrative body governing the facility.  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

**B. Regional Jail Authority's Administrative Procedures**

The WVRJA allows an inmate to seek redress for complaints about prison conditions through a formal administrative grievance procedure.[3] This grievance procedure consists of three levels. Initially, an inmate must submit a grievance to the Administrator of the institution in which he is confined ("Level One"). If the Administrator's response is unfavorable, the inmate may then appeal to the WVRJA Chief of Operations ("Level Two"). If the Chief of Operations does not resolve the issue to the inmate's satisfaction, the inmate may ultimately appeal to the Office of the Executive Director ("Level Three").  As he completes each grievance level, an inmate must wait a specified period of time before seeking review at the next level. This allows the reviewing official a reasonable time to investigate and respond to the complaint.

The Court concludes that an inmate under the control of the WVRJA must exhaust all administrative remedies pursuant to the PLRA, and may file suit only if he has completed all three levels of the grievance procedure prescribed by the WVRJA. An inmate's

---

[3] For a more detailed description of this process, see Magistrate Judge Kaull's third R&R (dkt. 83, at 12-13).

failure to follow the deadlines and rules of the grievance procedure, including the response time established between levels, constitutes a failure to exhaust all administrative remedies under the PLRA.

### C. Third R&R

In his third R&R, Magistrate Judge Kaull recommended that all of Hargrove's claims be dismissed because he failed to exhaust the administrative grievance procedures of the WVRJA. Hargrove concedes that he did not exhaust these procedures as to his claims against certain defendants, but claims he did so regarding defendant King. The record, however, establishes that Hargrove clearly failed to comply with the grievance procedures of the WVRJA as to all the defendants, and thus did not properly exhaust his administrative remedies as required by the PLRA.

#### 1. Dismissal Of Medical Defendants

Magistrate Judge Kaull concluded that Hargrove had failed to exhaust his administrative remedies ad to Jacob Fuller, Nurse Jessica, Nurse Erin, Dr. Joe, Dr. Edwards and Dr. James ("medical defendants"). (Dkt. 83, at 13-14, 16-17). On July 30, 2009, Hargrove filed his "Document in Support of Plaintiff's Exhaustion of the Alleged Grievance Procedure." (Dkt. 89). Although this

documents that Hargrove filed some sort of complaint with the WVRJA in July, 2008, it does not establish that he followed the grievance procedures at the jail and thereby properly exhausted his administrative remedies.

Furthermore, in the objections he filed on August 27, 2009, Hargrove concedes that he has not exhausted all administrative remedies available to him concerning these medical defendants. (Dkt. 90). Specifically, he states: "I'll concede that all medical grievance steps were not conformed to. Therefore [a]s to the respondant's [sic] Jacob Fuller, Nurse Jessica, Nurse Erin, Dr. James, Dr. Joe do as you will."[4] (Dkt. no. 90 at 7).

Based on the lack of any documentation that Hargrove properly complied with the WVRJA grievance procedures as to these defendants, and his own concession that he did not exhaust all of his administrative remedies, the Court **ADOPTS** Magistrate Judge Kaull's recommendation and **DISMISSES** Hargrove's claims against defendants Jacob Fuller, Nurse Jessica, Nurse Erin, Dr. Joe, Dr. Edwards and Dr. James **WITHOUT PREJUDICE**.

---

[4] Hargrove does not make any reference to Dr. Edwards in any of his objections; therefore, the Court must assume that he did not object to the dismissal of Dr. Edwards.

### 2. Dismissal of King

Magistrate Judge Kaull's third R&R also concluded that Hargrove had failed to exhaust his available administrative remedies as to defendant King. Although Hargrove had submitted several letters as evidence of exhaustion, the magistrate judge determined that, even if the Court liberally construed these letters as proper grievances, they could only be counted as Level One (Administrator) and Level Three (Executive Director) grievances. Without evidence that Hargrove had completed a Level Two (Chief of Operations) grievance, Hargrove could not establish exhaustion of his administrative remedies.

Magistrate Judge Kaull also noted the close proximity in time between all of Hargrove's letters, two of which were written on the same day to administrators at different levels of the grievance procedure. He determined from this that Hargrove had not given the recipients of his letters an appropriate amount of time to investigate and respond to his claims before advancing to the next grievance level, and concluded that Hargrove had not exhausted all administrative remedies as to King.

Hargrove argues that he actually filed a Level Two grievance, and that, in documents he previously filed with the Court, he included "a response to this Petitioner by Mr. H. Robinson, in which Mr. Robinson, specifically states that after his investigation in to my complaints that he found no merit to my

9

(Petitioner) claims." Hargrove, however, did not indicate where in the record this document may exist, and after thoroughly reviewing the entire record, the Court is unable to identify any such response.

In addition, Hargrove asserted that prisoners generally are unable to comply with the exhaustion requirements of the PLRA because they cannot meet procedural deadlines if they are placed in the highly-restrictive special housing unit ("SHU"), or otherwise administratively detained. However, he made no specific assertions that confinement to the SHU or any other administrative detention accounted for his failure to exhaust his administrative remedies.

Under <u>Woodford v. Ngo</u>, 548 U.S. 1 (2006), the complaint of a prisoner such as Hargrove must be dismissed under the PLRA unless he has fully complied with the deadlines and procedures established by the prison system for the resolution of inmate complaints. Hargrove has failed to show that he complied with the exhaustion requirements of the PLRA as he has not established that he completed all three levels of the WVRJA procedure. Additionally, Hargrove's letters do not conform to the requirements of those grievance procedures that afford officials the requisite amount of time to investigate and respond to grievances before the inmate may proceed to the next level. Therefore, the Court concludes that Hargrove has failed to exhaust his administrative remedies with regard to his claims against King. Accordingly, it **ADOPTS**

Magistrate Judge Kaull's findings on this claim, and **DISMISSES** Hargrove's claims against defendant King **WITHOUT PREJUDICE**.

### VI. FOURTH RECOMMENDATION AND REPORT

In the fourth R&R, Magistrate Judge Kaull recommended that the Court grant defendant Dr. Joe's Motion to Dismiss and deny Hargrove's Motion for Summary Judgment. Magistrate Judge Kaull based his recommendation on the findings in his third R&R. Hargrove did not file any objections to the fourth R&R.[5]

In adopting Magistrate Judge Kaull's third R&R, the Court dismissed Hargrove's complaint in its entirety without prejudice. Thus, both of these motions, as well as the fourth R&R, are moot. Therefore, the Court **DENIES** the fourth R&R (dkt. 92) as **MOOT**.

### V. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's third R&R, and **DISMISSES** Hargrove's complaint **WITHOUT PREJUDICE**. It also **DENIES AS MOOT** Magistrate Judge Kaull's fourth

---

[5] Magistrate Judge Kaull's fourth R&R specifically warned Hargrove that the failure to object to the recommendation would result in the waiver of his appellate rights on these issues. Further, Hargrove's failure to object to the fourth R&R relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

R&R.  Finally, it **DIRECTS** the Clerk to retire this case from the docket of the Court.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: February 8, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE