IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**JOHN E. HARGROVE,**

    **Plaintiff,**

v. // CIVIL ACTION NO. 1:08cv132
                                (Judge Keeley)

**JACOB FULLER,**
**NURSE JESSICA,**
**NURSE ERIN,**
**DR. JOE,**
**C/O KING,**
**DR. EDWARDS,**
**DR. JAMES, and**
**MILLER, C/O,**

    **Defendants.**


### MEMORANDUM OPINION REGARDING TIMELINESS OF APPEAL

On November 2, 2011, the Court of Appeals for the Fourth Circuit remanded this case for a determination of the timeliness of the plaintiff John Hargrove's ("Hargrove") appeal (dkt. no. 116). After carefully reviewing the record, the Court concludes that Hargrove did not file a timely appeal.

This case involved Hargrove's complaint against several jail officials and medical staff for improper treatment. The Court ultimately dismissed his claims for failure to exhaust administrative remedies (dkt. no. 94), and Hargrove appealed (dkt. no. 98). The following dates are applicable to the present issue:

    February 8, 2010: Judgment issued (dkt. no. 95);

    February 10, 2010: Amended judgment issued (dkt. no. 96);

**HARGROVE v. FULLER, et al**                                              **1:08CV132**

**MEMORANDUM OPINION REGARDING TIMELINESS OF APPEAL**

February 12, 2010: Prison officials accepted service of amended judgment on Hargrove's behalf[1] (dkt. no. 103);

March 12, 2010: Hargrove's deadline for filing timely appeal; and

April 20, 2010: Court received and docketed notice of appeal (dkt. no. 98).

The question presented is whether Hargrove's filing of his notice of appeal was timely. In its Order, the Fourth Circuit noted that "absent an extension or reopening of the appeal period, Hargrove had until March 12, 2010, in which to file a notice of appeal." Further, "[b]ecause Hargrove is a prisoner, the notice of appeal is considered filed as of the date it was properly delivered to prison officials for mailing to the court." See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The key inquiry, then, is, whether Hargrove delivered his notice of appeal to prison officials for mailing by March 12, 2010?

On February 1, 2011, the Court entered an Order directing the parties to submit evidence regarding the timeliness of Hargrove's appeal (dkt. no. 106). All parties responded, but Hargrove's letter provides the greatest insight (dkt. no. 111).[2] In his letter,

---

[1] The Court did not receive the signed return receipt of this service until May 3, 2010.

[2] As Hargrove was in the custody of USP Tucson, Arizona when he delivered his notice of appeal for mailing, the defendants, as West Virginia regional jail officials and medical staff, could have had no personal knowledge of the timeliness of Hargrove's appeal.

2

**HARGROVE v. FULLER, et al**                                                            **1:08CV132**

### MEMORANDUM OPINION REGARDING TIMELINESS OF APPEAL

Hargrove represented that, under relevant prison policy, staff will date the back of all outgoing mail envelopes upon receipt. Otherwise, Hargrove contends "[t]here is no way of specifically proving when the inmate delivered that documents [sic] to the mail room for mailing to the Courts." Notably, he does not allege that he did, in fact, deliver his notice of appeal to prison officials in a timely fashion on or before March 12, 2010.

Following review of Hargrove's letter and the record, the Court concludes that Hargrove did not deliver his notice of appeal to prison officials for mailing by March 12, 2010. First, the back of the envelope in which Hargrove mailed his notice of appeal is stamped "4-12-10" (dkt. no. 98-8), indicating that he handed over his notice of appeal to prison officials on or about April 12, 2010 - one month after his window for a timely appeal closed. Further, Hargrove makes no representation that he timely delivered his notice of appeal by March 12, 2010. Consequently, the Court concludes that Hargrove's filing of his notice of appeal was not timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack.

The Court directs the Clerk to transmit the supplemented record to the Clerk of the Court of Appeals and to transmit copies of this Order to counsel of record, to the Clerk of the Court of

3

**HARGROVE v. FULLER, et al**                                    **1:08CV132**

**MEMORANDUM OPINION REGARDING TIMELINESS OF APPEAL**

Appeals, and to the pro se plaintiff via certified mail, return receipt requested.

DATED: November 14, 2011.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE